UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE-CARDELLO SMITH,

    Petitioner,　　　　　　　　　　Case No. 25-CV-10754

v.

    　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

MR. MCCAULEY, et al,

    Respondents.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) AND DENYING PENDING MOTIONS WITHOUT PREJUDICE (Dkts. 3, 4, 5, 7, 8, 9, 10, 12, 13, 17, 18, 19, 21, 22, 23, 24, 26, 27, 29, 31, 34, 35)**

Derrick Lee-Cardello Smith, (Petitioner), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 2008 conviction out of the Wayne County Circuit Court for two counts of kidnapping, Mich. Comp. Laws § 750.349, and six counts of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(1)(c). Because Petitioner's habeas petition is a successive challenge to this conviction, the Court must transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether Petitioner should be permitted to file a successive habeas petition.

### I.   BACKGROUND

Petitioner previously filed a petition for a writ of habeas corpus, in which he challenged his 2008 convictions out of the Wayne County Circuit Court. The petition was denied on the merits. Smith v. Bauman, 5:10-cv-11052, 2016 WL 898541 (E.D. Mich. Mar. 9, 2016) (O'Meara, J.); appeal dism. No. 16-1545 (6th Cir. Jan. 31, 2017). Petitioner has since been denied permission

three times by the United States Court of Appeals for the Sixth Circuit to file a successive petition to challenge this conviction. See In Re Smith, No. 24-1796 (6th Cir. Feb. 6, 2025); In Re Smith, No. 23-1375 (6th Cir. Aug. 17, 2023); In re Smith, No. 19-1719 (6th Cir. Nov. 7, 2019).

Petitioner has now filed a second petition for a writ of habeas corpus, in which he again seeks relief from his 2008 convictions, claiming that the named respondents conspired to fabricate the charges against him which led to his conviction.

## II.    ANALYSIS

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. Id. at 971; see also In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function that the district court previously would have performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a habeas petition with the federal courts. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, see Harris v. Stovall, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's first habeas application was denied on the merits. Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

Petitioner has also filed numerous additional motions (Dkts. 3, 4, 5, 7, 8, 9, 10, 12, 13, 17, 18, 19, 21, 22, 23, 24, 26, 27, 29, 31, 34, 35). A district court loses jurisdiction over a state prisoner's habeas petition when it transfers it to the court of appeals on the ground that it is a second or successive petition. Jackson v. Sloan, 800 F. 3d 260, 261 (6th Cir. 2015). This Court thus lacks jurisdiction pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A) to consider Petitioner's pending motions. Id. at 261–62.

### III.  CONCLUSION

Petitioner has not obtained the appellate court's authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit.

Petitioner's pending motions (Dkts. 3, 4, 5, 7, 8, 9, 10, 12, 13, 17, 18, 19, 21, 22, 23, 24, 26, 27, 29, 31, 34, 35) are denied without prejudice.

**SO ORDERED.**

Dated: August 6, 2025         s/Mark A. Goldsmith
Detroit, Michigan              MARK A. GOLDSMITH
                               United States District Judge